UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

In re:                              )
                                    )
        JON MICHAEL SMASAL          )        Case No. 04-10808-SSM
                                    )        Chapter 7
                Debtor              )
                                    )
KATHY L. HAMBY                      )
                                    )
                Plaintiff           )
                                    )
vs.                                 )        Adversary Proceeding No. 04-1200
                                    )
JON MICHAEL SMASAL                  )
                                    )
                Defendant           )

**MEMORANDUM OPINION AND ORDER
AWARDING ATTORNEY'S FEES**

Before the court is the plaintiff's motion for an award of attorney's fees incurred in

the prosecution of this adversary proceeding.  This was an action to determine the

dischargeability of obligations arising under a property settlement agreement and divorce

decree.  By judgment entered February 23, 2005, the court determined that the debtor's

obligations to maintain health and life insurance for his children and to reimburse his former

wife for one-half of their uncovered medical expenses was non-dischargeable, as was his

obligation to indemnify her against a $6,500 credit card debt, but that his obligation to

indemnify her against a $25,000 to $30,000 mortgage deficiency claim was dischargeable.[1]

The judgment permitted the plaintiff to file, within ten days of the entry of the judgment, a

---

[1]  A full statement of the reasons for the court's ruling is set forth in the memorandum
opinion that accompanied the judgment.

motion for allowance of attorneys' fees.   The plaintiff has done so and seeks an attorney's

fee award of $8,775.00.

The Fourth Circuit has adopted a 12-factor test for use in awarding attorney's fees.

*Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 n.28 (4th Cir. 1978).  Those factors are: (1) the

time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill

required to properly perform the legal services rendered; (4) the attorney's opportunity costs

in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's

expectations at the outset of the litigation; (7) the time limitations imposed by the client or

circumstances; (8) the amount in controversy and the results obtained; (9) the experience,

reputation, and ability of the attorney; (10) the undesirability of the case within the legal

community in which the suit arose; (11) the nature and length of the professional

relationship between the attorney and client; and (12) attorneys' fee awards in similar cases.

In a subsequent opinion, the Court explained that in applying the *Barber* test, the court

should first multiply the number of hours reasonably expended by the customary hourly rate

to determine an initial amount for fee award, and then adjust the fee on the basis of the other

factors.  *Anderson v. Morris*, 658 F.2d 246, 249 (4th Cir. 1981).

The time entries attached to the fee application reflect 38.7 hours of attorney time

(for which compensation is sought at the rate of $225.00 per hour) and 0.9 hours of paralegal

time (for which compensation is sought at $75.00 per hour).  The hourly rates requested are

within the range of customary rates for Northern Virginia, and the time expended appears

reasonable, given the complexity of the issues, which primarily centered on the respective

financial conditions and earning potential of the parties.  The only factor that appears to

warrant an adjustment of the "lodestar" is the amount in controversy and results obtained.

The only issue seriously contested at the trial was the dischargeability of the debtor's

obligation to indemnify Ms. Hamby against the First USA Visa debt and the Bank of

America debt.  Ms. Hamby prevailed as to the first of those, but not as to the second.   The

amount of the First USA Visa debt was $6,500, as compared with approximately $25,000 to

$30,000 for the Bank of America debt.  Having considered the results obtained and the

relatively small amount of the claim upon which Ms. Hamby prevailed, the court concludes

that a fee award equal to 50% of the lodestar amount is appropriate.

### O R D E R

For the foregoing reasons, it is

**ADJUDGED, ORDERED AND DECREED:**

1.  The plaintiff shall recover of the defendant attorney's fees in the amount of

**$4,387.50**.

2.  The clerk shall mail a copy of this order, or give electronic notice of its

entry, to the parties listed below.

Date: _____          _____
                                     Stephen S. Mitchell
Alexandria, Virginia                 United States Bankruptcy Judge

Copies to:

Ann M. Callaway, Esquire
Ann M. Callaway, P.C.
15 Garrett Street
Warrenton, VA 20186
Counsel for the plaintiff

Richard A. Bartl, Esquire
Tyler, Bartl, Gorman & Ramsdell, PLC
700 S. Washington St., Suite 216
Alexandria, VA 22314
Counsel for the defendant